GEORGE DAVIES v. THE BOARD OF SUPERVISORS OF THE COUNTY OF SAGINAW ET AL.

*Constitutional law—Public officers—Local self-government—Highways—Title of act.*

1. Act No. 314, Laws of 1889, which provides for the construction and maintenance of stone, gravel, macadamized, and other roads in Saginaw county, and the issuing of bonds for that purpose, is unconstitutional, because—

    a—It seeks to divest certain local officers, recognized as such and provided for by the Constitution, of the functions of their offices, and to confer the same upon a board, appointed by a power removed from that locality, and not responsible to local authority.

    b—It undertakes to convert certain highways already laid out—presumably by township authority—into State roads.

    c—It violates section 9, art. 10, of the Constitution, which limits the amount which the board of supervisors of a county may borrow or raise by tax for constructing or repairing public buildings, highways, or bridges, in any one year, to the sum of $1,000, unless authorized by vote of the electors.

    d—The main provisions of the act are not within the purview of its title.

2. The following propositions are summarized from the opinion of Mr. Justice McGRATH:

    a—The functions of township officers who are continued by constitutional enactment are as clearly within the contemplation and protection of the Constitution as are the officers themselves, and the Legislature has no more power to deprive such officers of their authority, and confer it upon officers not of local selection, than it has to abolish the offices.

| 89 | 295 |
| 110 | 390 |

| 89 | 295 |
| 111 | 329 |

| 89 | 295 |
| 117 | 301 |

| 89 | 295 |
| L124 | 495 |

| 89 | 295 |
| 126 | 399 |

| 89 | 295 |
| d128 | 554 |

| 89 | 295 |
| j148 | 133 |

| 89 | 295 |
| 150 | 1 5 |

b—State roads are such only as have been laid out by legislative authority.

c—How. Stat. §§ 497, 498, authorizing boards of supervisors to cause to be laid out, established, altered, discontinued, or opened all State and territorial roads theretofore laid out, or thereafter to be laid out, through or within their respective counties, etc., contemplated legislative action establishing such roads before any action by the supervisors, who even then only acted on the petition of local freeholders.

Appeal from Saginaw. (Edget and Gage, JJ.) Argued October 8, 1891.   Decided December 22, 1891.

Bill to restrain the issue of bonds under Act No. 314, Laws of 1889, on the ground that the act is invalid. Complainant appeals.   Reversed, and decree entered as prayed.   The facts are stated in the opinion.

*Lawson C. Holden* and *Byron A Snow*, for complainant.

*James H. Davitt* and *Frank E. Emerick*, for defendants.

McGRATH, J.   This is a bill filed to restrain the issue of bonds under Act No. 314, Laws of 1889, on the ground that the law is invalid.

The act provides—

That the board of supervisors of Saginaw county shall submit to the electors of said county a proposition to bond the county for the sum of $100,000 for the purpose of the construction and maintenance of stone, gravel, macadamized, or other roads in said county, as provided in the act.

That, if the majority of the electors shall vote in favor of the issue of such bonds, the said board, at its next meeting, shall determine the length of time said bonds shall run, and the rate of interest they shall bear.

That certain roads in certain townships in said county are declared to be State roads, and the board of supervisors shall have power and is authorized to construct, improve, and maintain said State roads, and also any other roads in said county that may hereafter be declared to be State roads.

That the city of Saginaw and eight townships, naming them, are declared to constitute and be a road-district, to be known as "Stone Road-District Number One;" and the city of East Saginaw and six other townships are to constitute road-district No. 2; "and the said board of supervisors shall have power from time to time to change the limits of said stone road-districts by adding townships thereto."

That the board of supervisors may, for the purpose of this act, declare any other legal highway in said county to be a State road, and shall have power to improve the same.

That at the next meeting of the said board of supervisors, after the electors of said county have voted in favor of said loan, the said board shall elect three road commissioners, each of whom shall be an elector of said county, and shall reside in one of the stone road-districts thereof.

That said commissioners shall be known as the "Board of Saginaw Road Commissioners," and as such board, subject to the provisions of this act, shall have the care, charge, and control of the construction, improvement, preservation, and maintenance of such roads as the board of supervisors shall determine to construct and improve.

That the board of supervisors shall have power, and it shall be the duty of said board, to determine what part of the roads declared to be State roads shall be improved; and thereupon it shall be the duty of said commissioners to prepare plans for such work, to advertise for proposals for such work, and enter into contracts therefor.

' That said commissioners shall meet in the month of June in each year, and determine the amount of tax, in the opinion of said commissioners, necessary to be raised for such year in each of said road-districts for the construction, extension, care, preservation, and maintenance of the roads constructed or improved under the act, not exceeding a certain limit fixed by the act; that said commissioners shall record such determination, and cause a copy of the same to be presented to the board of supervisors at the October meeting, and said board shall order the same, or so much thereof as said supervisors may deem necessary for the purposes aforesaid, to be levied upon the taxable property of said road-districts respectively; that the tax so ordered shall be assessed upon

said road-districts respectively, and collected as other taxes, paid into the county treasury, and used for the construction, improvement, care, etc., of the roads within said districts.

That the money shall be drawn from the county treasury upon orders issued by the board of road commissioners.

That said road commissioners shall have full charge of the construction, reconstruction, improvement, and extension of said roads, subject to the direction of the board of supervisors, as in the act provided, and shall keep the same in repair, and for that purpose may employ such agents, assistants, and workmen as may be necessary therefor.

The title of this act is—

"An act to provide for the construction and maintenance of stone, gravel, macadamized, and other roads in the county of Saginaw, and to raise the money therefor."

This act cannot be sustained.

1. It seeks to divest certain local officers, recognized as such and provided for by the Constitution, of the functions of their offices, and to confer those functions upon a board, appointed by a power removed from that locality, and not responsible to local authority.

The functions of township officers who are continued by Constitutional enactment are as clearly within the contemplation and protection of the Constitution as are the officers themselves, and the Legislature has no more power to deprive those officers of their authority, and confer that authority upon officers not of local selection, than it has to abolish the offices. It is just as essential to local self-government that the functions of elective officers be preserved to such officers as that the right of election be protected; indeed, it is the local management of local concerns, by and through the medium of officers of their own selection, that is sought to be protected. Strip the officers of a municipality of their functions, and you rob the municipality of its vitality.

Section 1 of article 11 of the Constitution provides that there shall be elected annually, in each organized township, one commissioner of highways, and one overseer of highways for each road-district. Section 11 of article 10 provides that the board of supervisors of each county may provide for laying out highways. In *People v. Commissioners*, 15 Mich. 347, 351, Mr. Justice COOLEY, speaking for the Court, says, regarding this last provision:

"This section has never been construed by the Legislature as taking from the township authorities the control over roads which they before possessed, and all the statutes which have since been passed on the subject have provided for the continued exercise of that control."

Mr. Justice CAMPBELL, in *Hubbard v. Springwells*, 25 Mich. 153, 156, says:

"This street, being a public highway, was by law put under the charge of the local authorities. The Constitution requires an election every year of a township commissioner of highways, and of an overseer of highways for every highway district. Their powers were subject to legislative modifications, but no legislation could abolish the offices, or take away all their functions. The highways in each district must be, to some extent at least, subject to an overseer elected by the people. As we held in the case of the Detroit Board of Public Works (24 Mich. 44), the regulation of the township affairs, legally concerning none but the people of the town, cannot be lawfully vested in any officers imposed upon the township from without. These commissioners, not appointed by or responsible to the township or its people, are empowered to assume exclusive charge of a town highway, turn it into a toll-road, and raise money, and impose taxes in the township, to complete and repair the road. From first to last the town and all its elected officers are powerless, and subject to the control of this foreign body; and the people have no voice in the management of one of their own public ways, which is converted into a perpetual turnpike, and put on the same footing with private turnpikes, except that its trustees are appointed

by the State, and paid by a tax imposed upon the town. The overseer of this highway district is excluded from all his functions, and so are all others who should have any voice in the matter. The result is that a purely local work, public in its character, is taken charge of and conducted at local expense, and paid for by local bonds and taxes, without giving any of the local authorities any function to perform, except that of yielding implicit obedience to the orders and requisitions of a commission, in whose appointment and government the town and its people have no part whatever. This is a very clear usurpation, and, so far as it goes, an absolute destruction, of the local priviliges. There is no principle which can justify such an interference which would not equally justify the assumption by the State of immediate control by its agencies of every highway in the Commonwealth, and the imposition of local taxes for local purposes to be levied and expended by persons neither residing in nor in any way connected with or responsible to the towns on which they levy their charges."

These commissioners are not only not selected by the townships, but they may all be residents of any one of the townships, and they are given the practical and perpetual care, custody, and control of these highways at the expense of the townships within the road-district.

2. The act undertakes to convert certain highways already laid out—presumably by township authority—into State roads, and to give to the board of supervisors authority to convert other roads into State roads.

State roads are such only as have been laid out by State authority. The statutory provisions existing at the time of the adoption of the Constitution respecting the laying out of State roads were as follows:

"SECTION 1. The board of supervisors of the several counties within this State are hereby authorized and empowered to cause to be laid out, established, altered, discontinued, or opened all State and territorial roads heretofore or now laid out, or hereafter to be laid, through or within their respective counties, whenever they may deem it for the interest of the public.

"SEC. 2. Whenever the board of supervisors of any county are petitioned to by at least twelve freeholders of each of the townships through which any such road or roads may pass, they shall, upon such petition, authorize the commissioners of highways of such townships to cause the line of said road or roads within their respective townships to be surveyed and located therein, and such commissioners shall report such survey and location to the board of supervisors of their county; and, upon examination of said survey and report, said board may declare such road or roads duly laid out, established, discontinued, opened, or altered, as the case may be: *Provided,* that said board shall deem the laying out, establishing, altering, discontinuing, or opening said road or roads for the interest of the public." Act No. 146, Laws of 1846, p. 240.

These two sections (and two subsequent sections, not necessary to be here noticed) were inserted and re-enacted *verbatim* in the act of April 8, 1851, " to define the powers and duties of supervisors," etc., with the omission only of the proviso at the end of the second section. How. Stat. §§ 497, 498. These provisions evidently contemplated legislative action establishing such roads before any action by the supervisors, and even then the supervisors acted only upon the petition of local freeholders. Section 23 of article 4 of the Constitution expressly prohibits the discontinuance by the Legislature of highways laid out by township authorities. The right of the Legislature to vacate State or territorial roads is unquestioned. If highways may be converted into State roads by legislative declaration, and State roads may be discontinued at the will of the same body, then the constitutional provision may be easily avoided.

3. Section 9 of article 10 of the Constitution provides that the supervisors may borrow or raise by tax $1,000 for constructing or repairing public buildings, highways, or bridges, but that no greater sum shall be borrowed or raised by tax for such purpose in any one

year, unless authorized by vote of the electors. The power to raise money for highway purposes is nowhere else conferred upon supervisors. Conceding that ·the highways referred to are ordinary highways, the power is expressly limited; but the act in question fixes certain road-districts, and empowers the board of supervisors to add to these districts, so that they may embrace the entire county, and then empowers the board to cause to be levied upon the taxable property of each district any sum necessary for the construction, extension, care, preservation, and maintenance of the roads in that district, provided that the amount so levied shall not exceed two mills on the dollar of the taxable property of such district. The aggregate value of the real and personal estate of Saginaw county, as equalized by the last State Board of Equalization, is $37,000,000, and the amount which may be annually levied and collected under this law without the concurrence of the electors is $74,000.

4. The title of this act is clearly misleading. One of the purposes of section 20 of article 4 of the Constitution is to prevent "the insertion of clauses in the bill of which the title gives no intimation," or, as has been said, "for the purpose of preventing the Legislature, as well as the people, from being misled as to its contents." This act undertakes to convert highways into State roads, and to empower the board of supervisors so to convert other highways. It not only provides for the issue of bonds for the construction and maintenance of roads, but it provides for an annual levy of taxes for the same purposes, not upon townships by townships for township purposes, not upon the county by the proper county authorities, but upon road-districts, by the board of supervisors. It provides for the construction and maintenance of State roads, not through the ordinary channels, but by and through officers unknown to the

Constitution and statutes, which it attempts to create and clothe with powers usually exercised by township officers. It takes from township officers that supervision, custody, care, and control of highways which they have exercised since the birth of the State, and commits that supervision, care, and custody to officers who are not the creatures of the townships. These provisions are not within the purview of the title. The title is innocent, the act mischievous.

The decree of the court below is reversed, and a decree entered for complainant, in accordance with the prayer of the bill of complaint, with costs of both courts.

The other Justices concurred.