THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY AND THE PENNSYLVANIA RAILROAD COMPANY v. BARKER GUMMERE, JR., COUNTY CLERK ET AL.

Submitted December 30, 1902—Decided February 24, 1903.

A *certiorari* should not be allowed to set aside an assessment levied under the Public Road act of March 12th, 1895 (*Gen. Stat., p.* 2902), merely because of defects in the commissioners' report of assessments, unless the *certiorari* is applied for within thirty days after the confirmation of the assessment.

On *certiorari* to review assessment.

Before Justices DIXON and HENDRICKSON.

For the prosecutors, *Alan H. Strong.*

For the defendants, *J. Leffert Conard, Aaron V. Dawes* and *Linton Satterthwait.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings under review an assessment for the improvement of a public road in Morris county, under the act of March 22d, 1895. *Gen. Stat., p.* 2902. The assessment was confirmed by the Circuit Court of the county on April 3d, 1902, and *certiorari* was allowed October 22d, 1902.

The fourteenth section of the act above mentioned enacts that no *certiorari* shall be allowed to review any of the proceedings, nor in any way to affect any assessment, after the lapse of thirty days from the making of the order of the court confirming such assessment.

The prosecutors rely on a single reason both to escape from this limitation and to overthrow the assessment, namely, that the commissioners failed to report that their assessment on the several parcels of land had been made in proportion to,

and not in excess of, the benefits received from the improvement. Such a distribution being necessary to a constitutional assessment, the prosecutors insist that, under our decisions, the statutory limitation cannot be enforced, and they refer in support to *Meredith* v. *Perth Amboy,* 34 *Vroom* 520, and cases there cited.

But these cases do not sustain the position of the prosecutors. Their purport is that where a statute under which the assessment is levied is unconstitutional (*Traphagen* v. *West Hoboken,* 10 *Vroom* 232; *S. C.,* 11 *Id.* 193; *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510), or where the tribunal confirming the assessment is without jurisdiction of the matter, for example, if it has failed to give the required notice (*Pardee* v. *Perth Amboy,* 28 *Id.* 106), or where the circumstances are such that no assessment can constitutionally be made (*Benedictine Sisters* v. *Elizabeth,* 21 *Id.* 347; *Meredith* v. *Amboy,* 34 *Id.* 520), there the statutory limitation will not bar.

None of these grounds, nor any akin to them, appears in the present case. The statute provides for a constitutional assessment; the lands of the prosecutors are subject to assessment, and the Circuit Court caused due notice of the time and place for hearing objections to be given. The sole ground of complaint is the defect in the report of the commissioners. Such a complaint is precluded by the statutory bar. *Benedictine Sisters* v. *Elizabeth,* 21 *Vroom* 347. The defect could certainly have been remedied by order of the Circuit Court, under section 13 of the act in question, and ought now to be disregarded as a cause for reversing the assessment, under the act of March 13th, 1881. *Gen. Stat., p.* 3404.

The writ should be dismissed, with costs.