[No. 8564. Department One. March 18, 1910.]

JOHN W. MEEHAN, *Appellant*, v. J. M. SHIELDS *et al.*,
*Respondents.*[1]

COUNTIES—POWERS—CONSTITUTIONAL LAW—HIGHWAYS—IMPROVE-
MENT. The provision of the constitution vesting in counties the
right of local self-government is not violated by the state aid road
law (Rem. & Bal. Code, § 5880) authorizing the construction of state
aid roads under the direction of the state highway commissioner,
upon plans adopted by the county commissioners, the expense to be
paid in part by the county and the local road district.

TAXATION—UNIFORMITY—DIVERSION OF TAX—HIGHWAYS. The con-
stitutional provisions requiring uniformity in taxation and the
proper application of taxes are not violated by the state aid road
law (Rem. & Bal. Code, § 5880) authorizing the highway commis-
sioner to build state aid roads, 50 per cent of the cost to be paid
from the state highway fund, 35 per cent from the county road and
bridge fund, and 15 per cent from the local district road fund;
since the cost is paid by the state, county, and district respectively
benefited and taxed for moneys expended in their own territory.

CHADWICK, J., dissents.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered August 18, 1909, upon sustain-
ing a demurrer to the complaint, dismissing an action to
enjoin the execution of a contract for the improvement of
a public highway. Affirmed.

*J. L. Corrigan*, for appellant, contended, *inter alia*, that
the act violates the right of local self-government. *People
ex rel. Board of Park Com'rs v. Common Council of Detroit*,
28 Mich. 227; *State ex rel. Smyth v. Moores*, 55 Neb. 480,
76 N. W. 175, 41 L. R. A. 624; *Helena Consolidated Water
Co. v. Steele*, 20 Mont. 1, 49 Pac. 382, 37 L. R. A. 412;
*State ex rel. McCagg v. Mayor etc. of Chicago*, 51 Ill. 17;
*People ex rel. Le Roy v. Hurlbut*, 24 Mich. 44, 9 Am. Rep.
103; *Rathbone v. Wirth*, 150 N. Y. 459, 45 N. E. 15, 34
L. R. A. 408; *State ex rel. Egbert v. Blumberg*, 46 Wash.

[1]Reported in 107 Pac. 835.

270, 89 Pac. 708; *People ex rel. Bolton v. Albertson,* 55 N. Y. 50; *Davies v. Board of Sup'rs of Saginaw County,* 89 Mich. 295, 50 N. W. 862; Cooley, Constitutional Limitations (4th ed.), ch. 8. The law diverts a portion of the county funds. *National Bank of Lawrence v. Barber,* 24 Kan. 534; *Attorney General v. Board of Supervisors of Bay County,* 34 Mich. 46. A law requiring or permitting a county to collect taxes and expend them for state purposes, or turn them over to state officials to be so spent, is void. Cooley, Taxation, ch. 5, pp. 140-145; *Board of Supervisors of Livingston County v. Weider,* 64 Ill. 427; *State, Baldwin, Pros. v. Fuller,* 39 N. J. L. 576; *Sleight v. People,* 74 Ill. 47; *Wasson v. Commissioners of Wayne County,* 49 Ohio St. 622, 32 N. E. 472, 17 L. R. A. 795; *State ex rel. Board of Education of Oshkosh v. Haben,* 22 Wis. 629; *Board of Com'rs of Jackson County v. State ex rel. Shields,* 155 Ind. 604, 58 N. E. 1037; *Farris v. Vannier,* 6 Dak. 186, 42 N. W. 31; *Hubbard v. Fitzsimmons,* 57 Ohio St. 436, 49 N. E. 477; *High School District No. 137 v. County of Lancaster,* 60 Neb. 147, 82 N. W. 380, 49 L. R. A. 343. For construction of an identical constitutional provision, see *McCabe v. Carpenter,* 102 Cal. 469, 36 Pac. 836.

*The Attorney General* and *Augustus Brawley,* for respondents, among other things, contended that the state aid road law is constitutional. *United New Jersey R. & Canal Co. v. Gummere,* 69 N. J. L. 111, 54 Atl. 520; *Highate v. State,* 59 Vt. 39, 7 Atl. 898; *Farris v. Vannier,* 6 Dak. 186, 42 N. W. 31; *Simon v. Northup,* 27 Ore. 487, 40 Pac. 560, 30 L. R. A. 171; *Johnson v. San Diego,* 109 Cal. 468, 42 Pac. 249, 30 L. R. A. 178; *Daggett v. Colgan,* 92 Cal. 53, 28 Pac. 51, 27 Am. St. 95, 14 L. R. A. 474; *State v. Harris,* 47 Wis. 298, 2 N. W. 543; *State ex rel. Bulkeley v. Williams,* 68 Conn. 131, 35 Atl. 24, 421, 48 L. R. A. 465; *Township of East Union v. Comrey,* 100 Pa. St. 362; *Township of Mahanoy v. Comry,* 103 Pa. St. 362; *Porter Township*

*Road,* 1 Walker (Pa. Sup. Ct. Cas.) 10; *Middletown Road,*
15 Pa. Sup'r Ct. 167.

Morris, J.—The only question presented by this appeal
is the constitutionality of the state aid road law, found in
Laws of 1907, p. 298; Rem. & Bal. Code, § 5880 *et seq.*
The act provides that the county commissioners of any
county, upon presentation of a petition signed by the owners
of two-thirds of the lineal feet fronting on any public high-
way, must pass a resolution that public interest demands
the improvement of such public highway within such county.
Such resolution shall be transmitted to the state highway
board, who shall investigate and determine whether such
highway is of great public utility and general conveni-
ence and, if so, they shall approve such resolution. The
state highway commissioner shall thereupon prepare plans
for the contemplated improvement, and submit them to
the county commissioners, and if adopted, such improve-
ment will be then undertaken under the direction of the state
highway commissioner. The cost of the improvement shall
be paid in the following manner: One-half out of the state
highway fund, thirty-five per centum from the general road
and bridge fund of the county, and the remaining fifteen per
centum out of the district road fund of the district in which
the improvement is located. The question was submitted to
the trial court on the application for an injunction to enjoin
the execution of a contract about to be executed by the state
highway commissioner. To this complaint a demurrer was
sustained, and, upon entry of judgment, plaintiff appeals.

The attack upon the law is made upon the theory that
it violates the constitutional provision providing for local
self-government, destroys uniformity of taxation, and di-
verts the proceeds of a tax. We do not so read the law.
There will be no dissent from the assertion that it is not
within the power of the legislature to take away from the sev-
eral counties of this state the right of local self-government

as vested in them as legal subdivisions of the state. But the fact that a state board, acting upon the initiative and at the request of county commissioners, directs, under the immediate supervision of another state office, the improvement of a road within a county, upon plans approved and adopted by the county commissioners, does not take from the commissioners any right or power which, under any provision of the constitution, is vested in them. Our constitution is a limitation of power, and such rights and powers of local government as are not conferred upon counties by the language of the constitution remain with the state and may be exercised by the legislature as the law-making power of the state. Rules and regulations for local county government and control, except as otherwise provided for in the constitution, are as much within the control of the state as those matters which are more general and statewide. The citizens of the state require roads to pass from one portion of the state to another, such requirement being a general, beneficial use. It is the duty of the state to construct and maintain such roads, and if, as it needs must, such road passes through a county, the fact that the state exercises supervision of its improvement is not in violation of any provision of local self-government contained in our constitution. Neither is it destructive of the provision for uniformity of taxation.

It has been held, as suggested by appellant, that laws requiring the collection of taxes by a county, to be turned over to state officials to be expended for a purely state purpose, violate this constitutional requirement. But we have no such provision before us. County money is not raised and paid to the state for a purely state purpose. The road is a benefit to the state, to the county, and to the local district. The state raises money in the several counties to expend in the maintenance of those things which are of general benefit to all its citizens. The county reaps a special benefit as distinguished from this general benefit, and the district a still greater and special benefit, and for such benefit each is prop-

erly taxed. The money raised by the state being expended for a state benefit, the money raised by the county being expended for a county benefit, and the money raised by the district being expended for a district benefit, there is no violation of the uniformity of taxation rule. Nor is there any diversion of the proceeds of a tax, for the funds so raised by the state, the county, and the district are respectively expended within their own territory and for the purposes for which they were raised. *State v. Board of Com'rs of Shawnee County,* 28 Kan. 431.

Many of the states have similar laws, but so far as we can discover no state has held such law unconstitutional for any reason. The New Jersey law, Gen. Stat. p. 2902, which differs from ours somewhat in the detail of laying out the road, and provides for the payment of one-third of the cost by the state and the remainder by the county, was before the supreme court of that state in the case of *United New Jersey R. & Canal Co. v. Gummere,* 69 N. J. L. 111, 54 Atl. 520, upon a certiorari to review an assessment. The assessment was sustained. The court, referring to the cases relied upon by the prosecutor to invalidate the assessment, says:

"Their purport is that where a statute under which the assessment is levied is unconstitutional, . . . or where the tribunal confirming the assessment is without jurisdiction of the matter, for example, if it has failed to give the required notice, . . . or where the circumstances are such that no assessment can constitutionally be made, . . . then the statutory limitation will not bar. None of these grounds, nor any akin to them, appears in the present case. The statute provides for a constitutional assessment."

Such language would seem to indicate that there was no doubt of the constitutionality of the law in the mind of the court, nor was such doubt suggested by the prosecutors.

Believing the law to be constitutional, the judgment is affirmed.

RUDKIN, C. J., FULLERTON, and GOSE, JJ., concur.

CHADWICK, J. (dissenting)—The act does take away the right of local self-government in this, that there is no provision of the law warranting the expenditure of county funds by any other than the board of county commissioners. The fact that the board invites the improvement does not meet the full intendment of the law. It is the intent and purpose of the constitution as well as the statute, Rem. & Bal. Code, § 3890, subd. 5, "to allow all accounts legally chargeable against such county not otherwise provided for, and to audit the accounts of all officers having the care, management, collection, or disbursement of any money belonging to the county or appropriated to its benefit"; that county funds shall be expended only for strictly county purposes and upon proper vouchers, audited by the board of county commissioners. Under the present law, funds collected by the county for special uses are put at the unrestrained disposal of a board in no way responsible to the local taxpayer. In the case of *Davies v. Board of Supervisors of Saginaw County*, 89 Mich. 295, 50 N. W. 862, the general principle was laid down that any law which undertakes to destroy the function of the local governing board is unconstitutional. Speaking of a similar law, the court said:

"It seeks to divest certain local officers, recognized as such and provided for by the constitution, of the function of their offices, and to confer those functions upon a board, appointed by a power removed from that locality, and not responsible to local authority. The functions of township officers who are continued by constitutional enactment are as clearly within the contemplation and protection of the constitution as are the officers themselves, and the legislature has no more power to deprive those officers of their authority, and confer that authority upon officers not of local selection, than it has to abolish the offices. It is just as essential to local self-government that the functions of elective officers be preserved to such officers, as that the right of election be protected; indeed, it is the local management of local concerns, by and through the medium of officers of their own selection, that is sought to be protected. Strip the officers of a munici-

pality of their functions, and you rob the municipality of its vitality."

See, also, Cooley, Const. Lim. (4th ed.), ch. 8.

It will not be contended that the state could levy a direct tax upon a particular county for the purpose of aiding state roads. Therefore any law that provides for the diversion of a fund collected by the county, to the disbursing officers of the state, annuls not only the provisions of the law defining the duties of county commissioners, but evades section 12 of article 11 of the constitution. It does indirectly that which could not be done directly and should be held to be void.