[No. 29227. Department Two. February 24, 1944]

The State of Washington, *on the Relation of C. M. Lockwood et al., as County Commissioners, Respondents,* v. Frank J. Glover, *as County Treasurer, Appellants.*[1]

*A. O. Colburn,* for appellants.

*The Attorney General, Jess N. Rosenberg, Assistant, Carl C. Quackenbush,* and *Hugh H. Evans,* for respondents.

*Neal, Brodie & Trullinger, amici curiae.*

Mallery, J.—Spokane's county commissioners, proceeding under Rem. Rev. Stat. (Sup.), § 11294 [P. C. § 6882-133] *et seq.,* on June 16, 1943, ordered the county treasurer to sell certain real property previously acquired by the county by tax foreclosure. The county treasurer refused to sell, claiming that the Laws of 1943, chapter 19, p. 36 (Rem. Supp. 1943, § 4007), providing for sales by the county sheriff, governed the sales of all county property since it became effective.

The county commissioners thereupon commenced this action in mandamus to compel the county treasurer to proceed as ordered. The trial court decreed:

[1]Reported in 146 P. (2d) 188.

". . . that chapter 19, Laws of 1943, is a valid enactment of the legislature. The effect of its provisions is limited to the disposition of land owned by the county in its proprietary capacity with the exception that *its provisions regarding the sale of timber, mineral or other resources separate and apart from the land, including reservation of mineral rights in such land, extend to tax title land held by the county in its governmental capacity.* Rem. Rev. Stat. Sec. 11294 (Supp.) has not been impliedly repealed by chapter 19, Laws of 1943 and the County Treasurer of Spokane County has authority, and is required, to proceed with the sale of the property described in the complaint under said Section 11294, . . ."

The county treasurer has appealed from that decree, and contends that the trial court erred in holding that chapter 19, Laws of 1943, did not repeal Rem. Rev. Stat. (Sup.), § 11294 *et seq.*, so far as resale of tax title lands is concerned. Chapter 19, Laws of 1943, so far as applicable, provides:

"Section 1. That section 1, chapter LXXVI, Laws of Washington, 1891, being section 4007, Remington's Revised Statutes, be and the same is hereby amended to read as follows:

"Section 1. Whenever it shall appear to the Board of County Commissioners of any county in this state that it is for the best interests of such county and the taxing districts and the people thereof that any part or parcel, or portion of such part or parcel, of the property, whether real, personal, or mixed, belonging to said county, *including tax title land,* should be sold, it shall be the duty of such board, and they are hereby authorized and empowered, to sell and convey such property, under the limitations and restrictions and in the manner hereinafter provided. . . ." (Italics ours.)

Rem. Rev. Stat., § 4007 [P. C. § 1710], amended by chapter 19, Laws of 1943, and now appearing as Rem. Supp. 1943, § 4007, is one governing the sale of county property owned in a proprietary capacity, such as a courthouse or sand pit, as distinguished from property acquired by tax foreclosure. No reference is made in chapter 19 to the provisions of Rem. Rev. Stat. (Sup.), § 11294 *et seq.*, which provides in

detail how tax title lands shall be sold and provides for sale by the county treasurer. Chapter 19 has no repealing clause. Nevertheless, it is the contention of appellant that, so far as tax title land is concerned, the sale provisions of Rem. Rev. Stat. (Sup.), § 11294 et seq., are impliedly repealed, and all tax title land must now be sold under the provisions of Rem. Rev. Stat., § 4007, as amended by chapter 19, Laws of 1943.

Appellant relies on *Great Northern R. Co. v. Glover,* 194 Wash. 146, 77 P. (2d) 598. In that case, the plaintiffs sought to enjoin the levying of taxes by townships in Spokane county for township road purposes. It was held that the statutes providing for such a levy were repealed by implication by later statutes, which classified all public highways in the state of Washington as state highways, secondary state highways, and county roads, and defined county roads as:

" *'All public highways in the state of Washington, or portions thereof, outside incorporated cities and towns, not established as primary state highways or secondary state highways, are hereby declared to be county roads.'* "

The ruling was based upon the ground that the later enactment was comprehensive and inconsistent with the former township acts. The court said:

"A county or municipal corporation may not levy a tax in the absence of a specific grant of power by the sovereign.

"We conclude that the provisions of the township laws have been impliedly repealed in so far as they are inconsistent with chapters 53, 187, and 207 of the Laws of 1937.

"Township roads no longer exist in this state, and all highways which are not state highways are county roads. Therefore, the power of townships to levy taxes for roads located within the geographical area covered by the townships has been withdrawn, and hence the attempted levy by the townships for road purposes must be enjoined."

Appellant contends that Rem. Rev. Stat., § 4007, as now amended, covers the entire subject of how county-owned property can be sold, both that acquired in a proprietary capacity and by tax foreclosure. He quotes the following

from *Great Northern R. Co. v. Glover,* 194 Wash. 146, 77 P. (2d) 598:

"... if two statutes relating to the same subject matter are incompatible, the later act operates as a repeal of the earlier act to the extent that its provisions are revised, especially when the later act covers the entire subject."

The conclusion in that case that "township roads no longer exist in this state, and all highways which are not state highways are county roads," was a necessary implication, and, therefore, the later act could not be reconciled with the former. That case does not conflict with *Buell v. McGee,* 9 Wn. (2d) 84, 113 P. (2d) 522, in which the court said:

"Repeals by implication are not favored and will not be deemed to have been intended, unless the implication be a necessary one and it is clearly manifest that the earlier acts would be irreconcilably inconsistent with the latter. *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917; *Rothweiler v. Winton Motor Car Co.,* 92 Wash. 215, 158 Pac. 737; *Paine v. State,* 156 Wash. 31, 286 Pac. 89; *State ex rel. Shomaker v. Superior Court,* 193 Wash. 465, 76 P. (2d) 306.

"A conceded general rule of statutory construction is that, where there are provisions relating to the same subject matter embodied in different statutes, they should be harmonized so as to maintain the integrity of both whenever it is possible.

"Viewed in this light, it becomes necessary to construe the statutes together, and from them to ascertain their meaning and the intention which the law making body had in passing them."

The question is: Can the statutes in the case at bar be reconciled? Certainly, we do not have a situation as in the *Great Northern R. Co.* case, which was concerned with township roads, where, if the latter act is to be given effect, township roads do not exist.

Respondent's contention is that the legislative intent in passing Laws of 1943, chapter 19, was to grant the county commissioners a power which they did not previously possess, namely, the power to sell timber and other re-

sources on any land held by the county, either in its proprietary or governmental capacity, separate and apart from the land itself, and also to permit the county to retain mineral rights; and that, by so doing, it was not the legislative intent to set up an exclusive procedure for the sale of all tax title land, but rather to establish an alternative procedure which would apply to tax title land only when the county commissioners desired to sell with reservations, or to sell timber and other resources separate from the land itself.

Prior to the 1943 enactment, counties were not empowered to dispose of less than the fee which they held in conducting sales of tax title property. This situation apparently presented a serious problem to some counties which held tax title land upon which there was over-ripe timber in danger of being lost to the county, because it could not be severed and sold separate from the land. The separate procedures for the sale of the proprietary property and tax title property of the county have stood side by side for many years. No inconsistency was encountered.

The passage of chapter 19, Laws of 1943, was an appropriate method of solving the problem confronting counties which owned tax title land with over-ripe timber. In amending Rem. Rev. Stat., § 4007, the legislature granted to county commissioners a power to meet this situation not previously possessed by them. In this state, the rule is firmly established that repeals by implication are not favored. *Buell v. McGee, supra.*

In the present case, it is possible for both Rem. Rev. Stat. (Sup.), § 11294, and Rem. Rev. Stat., § 4007, as amended by the Laws of 1943, chapter 19, to have concurrent operation without conflict. Thus, in the case where the county desires to sell all rights which it holds in tax title land, the sale should be held under Rem. Rev. Stat. (Sup.), § 11294. In a case where the county desires to sell less than a fee to tax title land, such as the timber only, or where it desires to sell property held in its proprietary capacity, such sales should be held in accordance with the provisions of

Rem. Rev. Stat., § 4007, as now amended. The additional grant of power in the latter statute does not necessarily create an inconsistency. Since the statutes can be harmonized, it is our duty to do so.

The decree is affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and GRADY, JJ., concur.