TATUM *vs.* THE STATE OF GEORGIA.

1. Where a statute provides for restricting the sale of liquors to quantities not less than one gallon, first, in any city, town or village within the county, by popular vote of the city, town or village; secondly, in the county, by popular vote of the whole county; thirdly, in any militia district of the county, by popular vote of the district, the restriction, when adopted by the county as a whole, operates throughout its entire territory, including all the cities, towns and villages, as well as all the militia districts within its limits.

2. Such a statute, having a general repealing clause, abrogates, so

far as the two acts are inconsistent, a prior statute empowering the corporate authorities of a particular town to grant licenses to retail liquors within the corporate limits of the town; and a license to retail granted by such corporate authorities after the restriction over the whole county has taken effect, is void.

April 6, 1887.

Laws. Liquor. County Matters. Municipal Corporations. License. Before Judge FAIN. Dade Superior Court. September Term, 1886.

Reported in the decision.

GRAHAM & GRAHAM, for plaintiff in error.

J. W. HARRIS, Jr., solicitor-general, by R. J. McCAMY; R. B. TRIPPE; MORRIS BRANDON, for the State.

BLECKLEY, Chief Justice.

Tatum was indicted for a misdemeanor. The offence was the selling of spirituous liquors in quantities less than one gallon. The question is, whether a certain act of the General Assembly passed in 1875, applies to and controls the case. That act provides that a restriction may be placed upon the sale of liquors in the county of Dade and certain other counties, in this way: it provides that an election may be held in any city, town or village, by the qualified voters, and the restriction will be on or off according to the result of that election. It further provides that a similar election may be had throughout the county, and then the consequences will follow as to the county according to the result of that election. Another provision is that a like election may be had in any militia district of the county; and in case of the vote being for restriction, the restriction will hold as to that district.

There was an election held for the county, and it resulted in favor of restriction. So far as appears, no election has ever been held for the town of Trenton, separately; and

v 79 12

this selling was done in that town.    It is contended that, as the act provides for the town's ordering this matter by a local vote or town election according to its own pleasure, the vote of the county does not bind it; but we think it does. The scheme of the act is to give opportunity for putting restriction upon the sale of liquor throughout the whole county, if the county chooses to vote upon it; and in case the vote is taken and the restriction voted for the whole county, there is no separate election to be held for the town; but the whole having become affected by the law, all its parts will be affected.

Another question is, whether this act, when it became operative in Dade county, affected a prior act passed in 1872, investing the town authorities of Trenton with the control of retailing, and giving them power to grant or refuse license in their discretion.    We think it did.    We think that the restriction act affects the incorporation act, and that in so far as the incorporation act is inconsistent with it, it is repealed by implication.    There is a general repealing clause in the restriction act.    The town authorities are empowered by the incorporation act to grant licenses to retail, so long as it is lawful to retail in the town; but it ceased to be lawful to do it when the restriction was placed upon the whole county, and a license granted after that restriction took effect, was void; and this plaintiff in error had no other protection. The case shows that he complied with the terms of the town authorities, and obtained a license, and made all his payments, but he did this after the sale in quantities less than a gallon had been prohibited by virtue of the restriction act.    So, notwithstanding he was in no fault with reference to the act of 1872, compliance with it did not protect him, all that was done in the way of compliance being utterly void.

.1. Where a statute provides for restricting the sale of liquors to quantities not less than one gallon, first, in any city, town or village within the county, by popular vote of the city, town or village; secondly, in the county, by pop-

ular vote in the whole county; thirdly, in any militia district of the county, by popular vote of the district, the restriction, when adopted by the county as a whole, operates throughout its entire territory, including all the cities, towns and villages, as well as all the militia districts within its limits.

2. Such a statute, having a general repealing clause, abrogates, so far as the two acts are inconsistent, a prior statute empowering the corporate authorities of a particular town to grant licenses to retail liquors within the corporate limits of the town; and a license to retail granted by such corporate authorities after the restriction over the whole county has taken effect, is void. Acts 1875, p. 338; acts 1872, p. 276.

Judgment affirmed.