CASE 45—AGREED CASE—APRIL 16.

# Cooper, County Clerk, v. Shelton.

APPEAL FROM LINCOLN CIRCUIT COURT.

LOCAL OPTION—REPEAL OF STATUTE.—The exclusive power conferred by the charter of towns of the sixth class upon the trustees of such towns to regulate the sale of liquor therein, authorizes the trustees to license the sale of liquor only when the same can be done without violating existing law; and the provision of the charter conferring that power upon the trustees did not have the effect to repeal the general local option law as to such towns. Therefore, a vote subsequently taken under that law in a magisterial district embracing a town of the sixth class having resulted against the sale of liquor, the trustees of the town had no power while that law was in force to license the sale of liquor therein.

The trustees of a town of the sixth class having assumed to license plaintiff to keep a tavern with the privilege of retailing liquors, in this proceeding for a mandamus against the county clerk to compel him to issue to plaintiff a State license, the court holds that it was error to award the mandamus, the local option law having been voted into operation in the town on the 26th of March, 1894.

Cooper, County Clerk, v. Shelton.

J. B. PAXTON FOR APPELLANT.

1. Even if appellee was entitled to the license as a matter of right, the clerk properly refused to grant it, because he had no legal right to do so, that being the duty of the County Court. (Ky. Stats., secs. 3704, 4203, 1057; Tabor v. Lander, 15 Ky. Law Rep., 8; s. c. 94 Ky., 237.)

2. The appellee was not entitled to the license as a matter of right, because prior to the application the Stanford magisterial precinct, which embraced the town of Rowland, had adopted local option, under the act of August 6, 1892. The local option law was not repealed by the charter of cities of the sixth class.

    The fact that two acts were passed at the same session of the Legislature is strong evidence that one is not intended as a repeal of the other, especially at a session adopting a whole system of laws (Commonwealth v. Huntley, 156 Mass., 236; s. c., 15 L. R. A., 839; Lawson's Rights and Remedies, secs. 3778 and 3779; In re Hall, 38 Kan., 670.)

3. Rowland being embraced within the Stanford magisterial precinct is bound by the vote adopting local option therein. (Commonwealth v. King, 86 Ky., 436.)

4. Even conceding that the charter gives the trustees exclusive control of licenses, this provision is not self executing, and is of no avail without an ordinance to put it in operation; and there being no ordinance on the subject the whisky traffic is without regulation, unless the general law prevails. (Black on Intoxicating Liquors, secs. 228; State v. Andrews, 11 Neb., 523.)

5. If the local option law was repealed by the subsequent enactment of the charter then, and for the same reason, so much of the charter as attempts to give to the Board of Trustees exclusive control of granting licenses to "all trades, occupations and professions" is repealed to the extent of excepting therefrom "tavern and liquor licenses" by the later act (June 10, 1893), defining the jurisdiction of the county court, and giving it power to grant the licenses named. (Ky. Stats., sec. 1057.)

    It seems highly probable that the intention of the Legislature was to give to the county court, as it has always had, supervision and control of tavern licenses. (Ky. Stats., secs. 129, 4203, 4207, 4208, 4211.)

W. G. WELCH FOR APPELLEE.

1. The local option law as to the town of Rowland was repealed by the charter of towns of the sixth class. (Tabor v. Lander, &c., 94 Ky., 237.)

2. If the trustees of the town had the exclusive authority to grant this license, the county court has no jurisdiction in the matter, and it is the clerk's plain ministerial duty to accept for the State the license tax, and as a matter of right to issue the license. (Adams v. Stephens, 88 Ky., 444.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by Geo. B. Cooper, county clerk of Lincoln county, from a judgment of the Lincoln Circuit Court rendered in the case of Thos. S. Shelton against Geo. B. Cooper, clerk, etc.

The agreed facts in the case show that on the 26th of March, 1894, an election had been legally held in Stanford magisterial district as to whether spirituous, malt or vinous liquors should be sold, bartered, or loaned in said district, and that a majority of the votes cast at said election were cast against such sale, and that due return of same had been made to the proper office and the proper entry made on the county court order book. That after all this had been done the trustees of Rowland, a town of the sixth class, in said magisterial district, assumed to license the appellee to keep a tavern and sell by retail spirituous, malt and vinous liquors in said town of Rowland, and that appellee presented what purports to be such license to the appellant and offered to pay the State tax of $150, and to execute bond and take the oath of a tavern-keeper, and demanded that the appellant issue to him State license. Appellant refused to issue any license or otherwise comply with appellee's demands. Appellee then instituted this action to procure a mandamus requiring appellant to issue the license, and upon final hearing the court adjudged that the writ issue, and from that judgment this appeal is prosecuted.

It is insisted by appellee that the act providing for the

government of towns of the sixth class gives to the trustees of such towns exclusive power over the questions of license to retail liquor, and that it repealed all other laws, including the local option law, as to such towns, and cites the case of Tabor v. Lander, 94 Ky., 237, in support of his contention. But that case is wholly unlike the case at bar.

In that case it appears that by vote under the local option law, the sale of liquor had been prohibited in the Hawesville magisterial district, and that after such vote had been taken, the legislature, in 1888, had amended the charter of the town of Hawesville, and had given the town authorities power to license the sale of liquor. In 1890 another vote under the local option law was taken resulting in a majority vote against such sale. · The act of 1888 was intended, and necessarily had the effect, to repeal the local option law then in force in Hawesville, and it being a local act and containing no provision for its repeal by any vote to be thereafter taken, it remained unaffected by any vote taken under the general law in force at the time of the passage of said act.

The local option law now in force, and which has been in force for many years, with, perhaps, slight amendments, is contained in chapter 81 of the General Statutes, and seems to have been re-enacted 10th of March, 1894. It provides for the taking of a vote as to the question of the sale, etc. of liquor in any county, civil district or town, and if a majority of those voting vote against such sale, then no license can be lawfully issued authorizing the sale in such district or civil division. Such a vote having been taken in the Stanford magisterial district, of which the town of Rowland is a part, and having resulted in a majority of votes against the sale of liquor, and the returns having been made and certificates entered as required by law, no author-

ity could legally license the sale of spirituous liquors in said district. The exclusive authority given by the act providing for the government of towns of the sixth class to the trustees thereof only authorizes the trustees to license the sale of spirituous, malt or vinous liquors in such towns when the same can be done without violating existing law.

For the reasons given the judgment of the court below is reversed and cause remanded with directions to set aside the order awarding the mandamus, and to dismiss appellee's motion.