[No. 8871.   Department Two.   May 27, 1910.]

THEODORE GUNTHER *et al.*, *Plaintiffs*, v. WM. A. HUNEKE, *as Judge of the Superior Court for Spokane County, Respondent.*[1]

INTOXICATING LIQUORS—LOCAL OPTION — STATUTES — CONFLICTING ACTS.  The local option law of March 12, 1909 (Rem. & Bal. Code, § 6992), providing that the portion of each county outside of certain cities and towns shall be a unit and shall decide upon the question of the sale of intoxicating liquors, is in direct conflict with, and being the later enactment controls, the act of March 3, 1909 (Rem. & Bal. Code, § 9339½), providing that each township in counties in which the township government has been adopted shall have the power to determine whether licenses for the sale of intoxicating liquors shall be issued therein.

SAME—STATUTES—APPLICATION—REPEALS—LEGISLATIVE  POWER— RESTRICTING SUBSEQUENT ACTION.  The local option law of 1909, being a general law applicable to all counties of the state, prevails over previous enactments, and applies to counties that had already adopted township government whereby a different system of regulation was provided, notwithstanding that an amendment to the township government act (passed previously at the same session of the legislature) provided that no act thereafter passed shall be construed as altering, amending or repealing any of its provisions; since repeals by implication cannot be thus prevented.

Certiorari to review a judgment of the superior court for Spokane county, Huneke, J., entered May 3, 1910, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the holding of an election under the provisions of the local option law.   Affirmed.

*R. M. Webster* and *Richardson & Laughon*, for plaintiffs.

*Fred C. Pugh, Donald F. Kizer*, and *Boyd P. Doty*, for respondent.

MOUNT, J.—An action was brought in the superior court of Spokane county to enjoin an election about to be held for

[1]Reported in 108 Pac. 1078.

the purpose of determining whether licenses shall be issued
for the sale of intoxicating liquors in Spokane county outside
of incorporated cities and towns, under the provisions of the
act of March 12, 1909, commonly known as the local option
law. The lower court sustained a general demurrer to the
complaint, and dismissed the action. It appears that the
election is to be held on May 31, 1910, and that there is no
adequate remedy by appeal. A writ of review was therefore
issued.

It appears from the complaint that the county of Spokane,
outside of incorporated cities and towns, has adopted town-
ship organization under the act of March 23, 1895; that at
the regular annual town meeting held in March, 1910, each
of the townships in said county determined for itself the
question whether licenses should be granted for the sale of
intoxicating liquors therein for the current year; that two of
such townships determined that such licenses should be grant-
ed, while all the rest of such townships determined that li-
censes should not be granted in the respective townships; that
afterwards a petition was filed asking for an election to de-
termine whether licenses shall be granted for the sale of in-
toxicating liquors outside of cities and towns, under the pro-
visions of the act of March 12, 1909. This election is to be
held on May 31, and this action seeks to enjoin such elec-
tion. The question in the case is, whether these townships
are controlled in regard to the sale of intoxicating liquors by
the act of 1895, and the amendments of 1909, relating to
township organizations, or whether they are controlled by
the local option law of 1909 (Laws 1909, page 153; Rem. &
Bal. Code, § 6292 et seq.). The act of 1895, as amended
on March 3, 1909 (Laws 1909, page 75, § 3; Rem. & Bal.
Code, § 9339½), provides that these townships are bodies
corporate with power:

"Tenth. To determine whether license shall be granted
for the sale of spirituous, malt or intoxicating liquor in said
town; and unless a majority of the electors present and vot-

ing at the annual town meeting shall vote by ballot in favor of granting a license in their town for the year then next ensuing, no such license shall be granted to sell liquor in said town for that year."

Section 1 of the local option law provides units of territory, for the purposes of an election upon the question whether the sale of intoxicating liquors shall be permitted in any county, among others, as follows: "that portion, considered as a whole, of each county containing any such city, cities or fourth class towns outside of its or their boundary lines. Each subdivision of territory as above shall be a unit to itself and may vote as such upon the question of the sale of intoxicating liquor within its boundaries." Laws 1909, page 153 (Rem. & Bal. Code, § 6292). The clause "such city, cities or fourth class towns" refers to cities of the first, second, third, and fourth class, and unclassified cities of more than one thousand population. It is apparent that, if the local option law applies to counties which have adopted township organization, then the election may be held, and the portion of the county outside of excepted cities and towns is controlled by such law in regard to the right to issue such license, for the act is a general act and such counties are not excepted.

It is argued by counsel for the relators that, because the constitution of the state provides for township organization of counties, and that the business of the several townships shall be conducted in the manner provided by the act authorizing such organization, therefore, when organized, such townships become constitutional divisions, and each may determine for itself the conduct of its local affairs in accordance with the act creating it. This position is sound where there is no conflict between general laws and the one relating to such townships. The constitution provides, at section 4 of article 11:

"The legislature shall establish a system of county government, which shall be uniform throughout the state, and by general laws shall provide for township organization, under

which any county may organize whenever a majority of the qualified electors of such county voting at a general election shall so determine; and whenever a county shall adopt township organization the assessment and collection of the revenue shall be made, and the business of such county and the local affairs of several townships therein, shall be managed and transacted in the manner prescribed by such general law."

Section 11 of the same article provides:

"Any county, city, town, or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

These provisions make it plain that townships as well as counties, cities, and towns are subject to general law, and the management of the business thereof is subject to control by the legislature, which is of necessity supreme, and which may alter or amend at will by general law, either directly or by implication, any general or local law or regulation. It is said that the term "such general law," as used in the section first quoted, refers only to laws relating to township organization, which is no doubt true; but these words do not mean that general laws, applicable to the whole state without specifically excepting such townships, are not as controlling therein as the same are in counties or cities of other classes. These constitutional provisions do not in any manner take away from the legislature the control of such townships in all of the affairs thereof by general law. Both the township act and the local option act are general laws. By the former act it is provided that each township shall have power to determine whether licenses shall be issued for the sale of intoxicating liquors therein. By the latter act it is provided that the portion of each county outside of certain cities and towns shall be the unit, and shall decide upon the question of the sale of intoxicating liquors within its boundaries. There is no exception of counties where township organization has been established, and no exception of such townships. The

two acts, if they cover the same territory, are in direct conflict upon this question and cannot stand together. The local option law is the latest enactment and must control. *Pierce v. Commercial Inv. Co.*, 30 Wash. 272, 70 Pac. 496; *Tatum v. State*, 79 Ga. 176, 3 S. E. 907; *Cooper v. Shelton*, 97 Ky. 282, 30 S. W. 623.

It is argued by relators that the local option law does not relate to counties where township organization has been adopted, because at the time of the passage of the local option act there were two forms of county government, one by organized townships, and the other without such organized townships; and, also, because the amendment to the act of 1895, conferring upon townships the right to control the sale of intoxicating liquors, was passed at the same session of the legislature which passed the local option act; and, also, because an amendment to the township organization act provided, that "No act that shall hereafter become a law shall be construed as in any manner altering, amending or repealing any provisions of this act unless such act expressly so provides." Laws 1909, page 80, § 12 (Rem. & Bal. Code, § 9438).

There is much force in all these reasons, but the legislature could not have been ignorant of the fact that Spokane county had adopted the township organization. The local option law, while passed at the same session as the amendment to the township organization act, was passed after those amendments. The local option law is a general law, and applicable to all the counties of the state without exception. It is a later act, and must prevail over previous enactments upon the same subject. The amendment of the township act, to the effect that no act which shall hereafter become a law shall be construed as altering, amending, or repealing any of the provisions of this act, unless expressly so provided, could not, of course, prevent the same or a subsequent legislature from enacting an inconsistent law, which would necessarily repeal a former enactment even though no reference was made to the

former law.   What one legislature may do, the same or another legislature may directly or indirectly undo.   This amendment amounted to no more than the general rule, which is that repeals by implication are not favored.   But where two provisions are entirely inconsistent, as the ones under consideration appear to be, one must necessarily fall.

In view of the fact that the local option law applies to all the counties of the whole state without any exception, there seems to be no escape from the conclusion that all counties are included within its provisions.   The lower court, therefore, properly sustained the demurrer to the complaint, and · the judgment must be affirmed.

DUNBAR, CROW, and PARKER, JJ., concur.