[No. 8941.    Department Two.    December 13, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY DONOVAN, *Appellant*.[1]

INTOXICATING LIQUORS—LOCAL OPTION — CONSTITUTIONALITY.   The local option law of this state is constitutional.

SAME—INCORPORATION OF TOWN IN DRY TERRITORY—STATUTES— CONSTRUCTION.   Under the local option law making a separate unit or district of all that portion of a county outside of incorporated cities and towns, and which failed to contemplate the situation where a new town is subsequently incorporated within the prohibition district, such newly incorporated town may license the sale of intoxicating liquors within the municipality, as it might have done if previously incorporated, and without first submitting the matter to a vote (MORRIS, J., dissenting).

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered May 3, 1910, upon a trial and conviction of maintaining a public nuisance.   Reversed.

*M. P. Hurd*, for appellant.

*Augustus Brawley*, for respondent.

DUNBAR, J.—An information was filed against the appellant by the prosecuting attorney of Skagit county, charging him with unlawfully keeping and maintaining a certain building in the town of McMurray, in which he kept, received, and harbored intoxicating liquors for the purpose of selling, giving away, and distributing the same, contrary to the statute, etc.   Based on this information, a search warrant was issued, and the sheriff took possession of appellant's building and saloon property.   Upon the trial of the cause, the appellant was convicted as charged.   From a judgment of conviction, this appeal is taken.

The agreed statement of facts shows that Skagit county, in which the town of McMurray is situated, is a duly organ-

[1] Reported in 112 Pac. 260.

ized county and political subdivision of the state of Washington; that a petition was duly and regularly filed with the proper officer of said county for the purpose of ascertaining whether or not intoxicating liquors should be licensed to be sold in that unit consisting of all that part and portion of said county outside of the incorporated cities and towns therein. The election resulted in a large majority in favor of the prohibition of the sale of liquor in such district. Afterwards the town of McMurray, having the requisite population, was incorporated within the boundaries of the territory which had voted to prohibit the sale of intoxicating liquors. The city officers were duly elected, and the council duly passed an ordinance regulating the manner and place of the sale of spirituous, vinous, fermented, and malt liquors in the town of McMurray, imposing and fixing licenses, etc. Defendant, the appellant here, was granted a license to sell. This is a sufficient statement to indicate the nature of the case.

There are certain queries which are pertinent in this case: Was the result of that vote to fix the status of the territory voting, for one year—was that the aim and object of the legislature, or was the policy of the legislature to fix the status for the whole territory until a part of the territory was removed from its operation by a change in its form of local government; or did the legislature fail to contemplate such a situation as developed here, and therefore made no provision to govern it. We are inclined to adopt the last view, and that deprives us of the benefit of one of the commonest tests of statutory construction, so that we will be compelled to examine not only the local option law, but the general statutes, to determine the rights contested in this case.

The first contention of appellant is that the local option law is unconstitutional. But this character of laws has been sustained in so many jurisdictions that we do not feel called upon to enter upon a discussion of that question. The principle has also been sustained by this court in *State v. Storey,* 51 Wash. 630, 99 Pac. 878; *Gunther v. Huneke,* 58 Wash.

494, 108 Pac. 1078, and *State ex rel. Oregon R. & Nav. Co. v. Railroad Commission*, 52 Wash. 17, 100 Pac. 179.

The further contention is made that, after the town of McMurray was incorporated, it was relieved from the operation of the local option law and was clothed with the rights that other towns of its class, viz., cities of the fourth class, were clothed with, in relation to the licensing of the sale of intoxicating liquors. It is conceded that, in towns of this class outside of the operation of the local option law, the city authorities have power to license and regulate the sale of liquors. This contention, we think, must be sustained. The learned prosecuting attorney contends that the town of McMurray can only be relieved from the operation of the law which theretofore controlled its territory by holding an election; that otherwise the law as voted upon in the territory in which it then existed must control; and he cites many cases to sustain this contention. The first authority cited is 23 Cyc. 95, which is to the effect that:

"Where a local option law is in force in an entire district, and a portion of the district is cut off and joined to other territory under a new name, the law still remains operative through the part not thus severed. And also, where a new district is carved out of one where prohibition is in force, the same law will continue in force in the new district."

To sustain this announcement, the author cites many cases, most of which are cited by the respondent in this case, and undoubtedly sustain the text. In *Higgins v. State*, 64 Md. 419, 1 Atl. 876, it was decided that where by act of assembly submitting the question to the voters of the several election districts of Carolina county, whether or not spirituous or fermented liquors should be sold therein, a majority of the votes in the third election district of the county was cast against the sale of spirituous or fermented liquor therein, and by a subsequent act of assembly a new election district was established out of the third election district, the prohibition will continue to apply to the inhabitants of the new

district, there being nothing in the latter act at all inconsistent with the provisions of the former act. The other cases cited are of this kind. But the principle involved there is not the principle that is involved in this case at all. There it was the question of changing boundaries alone which was considered, and those cases are undoubtedly rightly decided. As the court in *Higgins v. State, supra,* well said:

"All the qualified voters, therefore, of that part of election district No. 3, now forming election district No. 6, had a right and were called upon to vote at the election in May, 1876, for or against the adoption of the prohibitory law, and the result of that election subjected the entire population of district No. 3, as then constituted, to the provisions of the act, and the subsequent division of the district has not had the effect of restricting the operation of the act to only a part of the original territory in which it applied and for which it was adopted. The mere change of name or number, as applied to part of the district, certainly should have no such effect, and that is really all that has been done in this case."

While a cursory, superficial view of this language might lead to the conclusion that it bore upon the case under discussion here, it will be seen that another principle altogether is involved here, which has no reference to the change of boundaries; but it does have reference to the establishment of another form of government within the territory which had previously been brought under the operation of the law. There was a limited sovereignty formed within this territory by the incorporation of this city. It is one of the aids of the state, clothed to a certain extent with the powers of the state. The law prescribes these powers for cities of the fourth class, and it will not be presumed that it intended to make any distinction in powers between cities of the same class.

It is conceded by the respondent that the town would have a right to relieve itself of the prohibition within the time which the prohibition lasts, but that it must be done

by an election.  It would have a right to hold an election only by reason of the fact that it had become an incorporated town.  By reason of that same fact, it would have a right to exercise any right which was accorded to an incorporated town of its class.  In other words, it is not by reason of any change of territory that it is given this right, but by reason of the authority which the general law gives to an incorporated town.  We think, therefore, that the town of McMurray is clothed with the same powers that other towns of its class are clothed with, and that it did not violate any provision of the law when it assumed to regulate the sale and traffic of intoxicating liquors.

The judgment will therefore be reversed.

RUDKIN, C. J., CHADWICK, and CROW, JJ., concur.

MORRIS, J., dissents.