STATE EX REL. McKAY, Respondent, vs. RANDALL, Appellant.

*November 16, 1917—February 8, 1918.*

*Intoxicating liquors: Licenses: Village incorporated out of dry territory.*

1. Under our local option laws (secs. 1565a to 1565c, Stats. 1915) the village board of a village incorporated wholly out of dry territory could not, without any vote on the subject by the electors of the village or of the dry town out of which it was incorporated, lawfully grant a license for the sale of intoxicating liquors therein, although sub. 1a, sec. 1548, gives village boards general power to grant such licenses and there is no specific provision to the contrary in the charter incorporating the village in question.

2. Each town, village, and city in the state is made a local option unit, and when a town votes dry it means that no license for the sale of intoxicating liquors can lawfully be granted within the territorial limits thereof until a vote by a legal option unit to the contrary is cast.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action under sec. 3180a, Stats. 1915, to abate as a nuisance defendant's wholesale liquor business in the village of Oliver, Douglas county. The complaint alleged, *inter alia,* that the village of Oliver was incorporated from territory lying wholly within the town of Superior; that prior to its incorporation the electors of said town had, pursuant to the provisions of secs. 1565a to 1565c, Stats. 1915, voted against the issuing of any license for the sale of intoxicating liquors within the town, and that no election had since been held relative thereto; that notwithstanding the result of such election the village board of the village of Oliver had granted defendant a license to sell intoxicating liquors at wholesale within the village; and that such license was void.

The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of

action. The court overruled the demurrer and defendant appealed.

For the appellant there was a brief by *Grace & Fridley* of Superior, and oral argument by *C. R. Fridley*.

For the respondent there was a brief by the *Attorney General* and *J. C. Messerschmidt*, assistant attorney general, and oral argument by *Archibald McKay* of Superior and *Mr. Messerschmidt*. They cited *State ex rel. Att'y Gen. v. Stoughton Club,* 163 Wis. 362, 158 N. W. 93; 1 Woollen & Thornton, Intox. Liq. sec. 549; 28 Cyc. 95; Black, Intox. Liq. § 105; Joyce, Intox. Liq. § 379; 19 Am. & Eng. Ency. of Law (2d ed.) 511; *Higgins v. State,* 64 Md. 419, 1 Atl. 876; *Prestwood v. State,* 88 Ala. 235; *Amerker v. Taylor,* 81 S. C. 163, 62 S. E. 7; *Moore v. State,* 126 Ga. 414, 55 S. E. 327; *Parker v. State,* 126 Ga. 443, 55 S. E. 329; *Oxley v. Allen,* 49 Tex. Civ. App. 90, 107 S. W. 945; *Ex parte Pollard,* 51 Tex. Crim. App. 488, 103 S. W. 878; *Chilcott's License,* 61 Pa. Super. Ct. 552; *McGriff v. State,* 66 Fla. 332, 63 South. 724; *Rassau v. Campbell,* 47 Pa. Super. Ct. 488; *Irwin v. McCallin,* 28 Pittsb. Leg. Jour. 322; *King v. McMullen,* 38 N. S. 129; *Rex v. License Comm'rs,* 14 Man. 535; 1 Woollen & Thornton, Intox. Liq. sec. 548, note 25; *Ex parte McCleave,* 21 N. B. 315; *State v. Donovan,* 61 Wash. 209, 112 Pac. 260; *American Falls v. West,* 26 Idaho, 301, 142 Pac. 42; *Wright v. Forrestal,* 65 Wis. 341, 27 N. W. 52.

The following opinion was filed December 4, 1917:

VINJE, J.    Under our local option laws, can the village board of a village incorporated wholly out of dry territory, without any vote on the subject being had by the electors of the village, or of the dry town out of which it was incorporated, lawfully grant a license for the sale of intoxicating liquors therein? is the question presented by this appeal. It is claimed that it can, because upon the creation of the village,

in the absence of specific provisions to the contrary, its board becomes clothed with all the powers of a village board granted by sub. 1*a,* sec. 1548, Stats. 1915, which authorizes it to grant wholesale or retail liquor licenses.   This law, it is argued, was in effect when our local option laws, secs. 1565*a* to 1565*c,* inclusive, were enacted, and the latter were intended only to suspend the action of the general law contained in sub. 1*a,* sec. 1548, and that where no specific provision to the contrary is contained in the charter incorporating the village, though created out of dry territory, it becomes clothed with all the powers of villages under the general law and automatically falls back under such law, and remains wet till changed by a vote pursuant to the local option law.   To support this contention two cases are cited: *State v. Donovan,* 61 Wash. 209, 112 Pac. 260, and *American Falls v. West,* 26 Idaho, 301, 142 Pac. 42.   The first case is squarely in point, but we cannot agree with the conclusions there reached.   They seem to rest, in part at least, upon the erroneous assumption that since the legislature made no specific provision for a situation where a separate municipality is created out of a larger dry one, therefore it did not intend it to be governed by the local option law.   To us it seems more reasonable to assume that the legislature intended the local option law to be broad enough to cover any situation that might arise and that all the territory of the state was at all times subject to its provisions; that if it does not in terms so provide, it should be so construed if it will reasonably permit thereof.   Local option laws affect territorial areas.   A state, county, town, city, or village becomes dry by a majority vote to that effect.   In our state by sec. 1565*a,* Stats. 1915, every town, village, or city is made a local option unit, and when a town votes dry it means that no license for the sale of intoxicating liquors can lawfully be granted within the territorial limits thereof until a vote by a legal option unit to the contrary is cast.   Sec. 1565*b* pro-

vides that when a vote against license is cast in a town it shall be unlawful to deal in intoxicating liquors therein, "and any license granted or issued therein, so long as the result of such election shall remain unreversed by another election held for the same purpose, shall be void." It will be noted that the statute does not say any license issued by the town board, but any license issued therein. That means any license issued by any authority within the territorial limits of the dry town shall be void. This fixes the status of the territory till another election lawfully held changes it. Once having lawfully become dry territory its status remains such till changed pursuant to law. This interpretation is in harmony with the weight of authority on the subject and makes the local option law applicable to every situation whether specifically provided for or not. 1 Woollen & Thornton, Intox. Liq. sec. 548, and cases cited to note 24, p. 938; 15 Ruling Case Law, 335 and cases cited; *Smith v. Walker,* 173 Ind. 239, 89 N. E. 862, and note to same in 21 Am. & Eng. Ann. Cas. 1015. See, also, cases to the same effect cited by the attorney general and incorporated into the report of the case by the reporter.

The case of *American Falls v. West,* 26 Idaho, 301, 142 Pac. 42, held by a divided court that under the laws of Idaho a new county formed partly out of wet territory and partly out of dry remained wet. No cases to support such a rule or statutes applicable thereto are cited by the court, and this point of the case naturally received scant treatment by the writer of the opinion of the court, who dissented therefrom.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $10 costs, on February 5, 1918.