[No. 25285. Department One. October 3, 1934.]

BEN PARIS, *Appellant,* v. CHARLES L. SMITH, *as Mayor, et al., Respondents.*[1]

*Vanderveer & Bassett* and *John Geisness,* for appellant.

*A. C. Van Soelen* and *Jno. A. Homer,* for respondents.

TOLMAN, J.—The appellant, as plaintiff, brought this action on behalf of himself, and all others similarly

[1]Reported in 36 P. (2d) 314.

situated, to enjoin the defendants from in any manner interfering with the dispensing of beer and wine in connection with the regular conduct of the hotel and restaurant business on Sundays.

A demurrer to the complaint was interposed and sustained. The plaintiff stood on his complaint and refused to plead further, whereupon a judgment dismissing the action with prejudice was entered, and from that judgment the plaintiff has appealed.

The charges contained in the complaint are as broad and comprehensive as language can make them, but for present purposes the following outline will sufficiently suggest their nature. It is alleged that appellant is, and for some time past has been, engaged in the restaurant business in the city of Seattle, and that he is licensed to, and customarily and lawfully does, serve beers and wines together with food and other refreshments for consumption upon his premises; that the furnishing of such refreshments, including beer and wine, is a work of necessity, does not disturb the public peace, and is in all respects lawful.

Further, it is alleged that appellant, in preparation for the Sunday immediately following the day of the filing of his complaint, had laid in a stock of perishable merchandise which could not be used or sold unless he be permitted to conduct his business on Sunday without interference; that respondents have publicly declared and threatened to arrest appellant and all others if they sell beer or wine on Sunday, August 12, 1934, or on the first day of any week, and will, unless enjoined, illegally interfere with such Sunday sales, thus causing irreparable injury.

The demurrer admits the facts well pleaded, and the question presented is a clear cut question of law. The respondents raise some questions not going to the ultimate merits of the controversy, but in view of our

conclusions, we deem it best to pass these matters and proceed directly to the merits.

Our present statute applicable to the situation is a part of the criminal code of 1909 and is now Rem. Rev. Stat., § 2494 [P. C., § 9122], which reads:

"SABBATH BREAKING

"§ 2494. Sabbath-breaking, defined. Every person who, on the first day of the week, shall promote any noisy or boisterous sport or amusement, disturbing the peace of the day; or who shall conduct or carry on, or perform or employ any labor about any trade or manufacture, except livery-stables, garages and works of necessity or charity conducted in an orderly manner so as not to interfere with the repose and religious liberty of the community; or who shall open any drinking saloon, or sell, offer or expose for sale, any personal property, shall be guilty of a misdemeanor: *Provided*, That meals, without intoxicating liquors, may be served on the premises or elsewhere by caterers, and prepared tobacco, milk, fruit, confectionery, newspapers, magazines, medical and surgical appliances may be sold in a quiet and orderly manner. In works of necessity or charity is included whatever is needful during the day for the good order or health or comfort of a community, but keeping open a barber-shop, shaving or cutting hair shall not be deemed a work of necessity or charity, and nothing in this section shall be construed to permit the sale of uncooked meats, groceries, clothing, boots or shoes."

In 1913, the city of Seattle enacted ordinance No. 32138, § 1 of which is practically identical with the section of the statute which we have quoted.

The appellant advances a number of arguments by means of which he seeks a favorable decision in the face of these legislative acts. We shall give brief attention to each, though perhaps not in the order in which they are presented.

It is argued that, prior to the act of 1909, the old statute, Ballinger's Code, §§ 7250 and 7251, in

exact language forbade the sale of intoxicating liquor
on Sunday, while neither the act of 1909 nor the city
ordinance does so; and therefrom the inference is to
be drawn that there was no intent to prohibit Sunday
sales under the more recent legislation. The fact is as
stated, but the inference does not follow.

The 1909 act is broader and includes far more than
was included in the prior statute. When its language
is fairly considered, "who shall open any drinking
saloon, or sell, offer or expose for sale, any personal
property," it is at once apparent that the intent was
to forbid the sale of intoxicating liquors and all other
merchandise falling within the definition of personal
property, save only as exceptions follow. The proviso
immediately following serves to still more clearly
demonstrate the intent; "provided, that meals, with-
out intoxicating liquors, may be served on the prem-
ises or elsewhere by caterers," very clearly shows the
intent to classify meals as necessities and intoxicating
liquor as not. A reasonable classification and one in
full accord with the general judicial and statutory rule
that the sale of intoxicating liquors involves recognized
evils, which permit and require that traffic to be classi-
fied by itself. Since, from 1909 until the advent of
statewide prohibition, this act was accepted by all as
prohibiting the Sunday sale of intoxicating liquor, we
have no hesitancy in holding that, by its terms, it is
sufficient for that purpose now.

It seems to be argued that the act of 1909 was
repealed by implication by the adoption of statewide
prohibition. We think not. Repeals by implication are
not favored in law; and here, though the earlier statute
was in a sense superseded for the time being by the
latter, it was not repealed. One might by the same act

have violated both and thus have subjected himself to the penalties of either, or perhaps of both. While one statute was regulatory and the other prohibitory, so far as they touch the same question they had the same object, and there was no conflict between them. Both may stand without producing confusion or uncertainty.

In any event, the city ordinance, although regulatory, does not conflict with the statewide prohibition act, and was not repealed thereby. *Seattle v. Hewetson*, 95 Wash. 612, 164 Pac. 234; *Seattle v. Brookins*, 98 Wash. 290, 167 Pac. 940. See, also, *In re Ferguson*, 80 Wash. 102, 141 Pac. 322; *Ajax v. Gregory*, 177 Wash. 465, 32 P. (2d) 560; and *Century Brewing Co. v Seattle*, 177 Wash. 579, 32 P. (2d) 1009.

Appellant appears to rely largely on the case of *Klamath Falls v. Oregon Liquor Control Commission*, 146 Ore. 83, 29 P. (2d) 564. The opinion in that case is too long and involved to permit of analysis here. After a careful study of it, however, we think that case clearly distinguishable, but if in any particular it cannot be distinguished, we must, much as we respect the writer of the opinion and the Oregon court, decline to follow it.

Finally, it seems to be argued that, by the adoption of our present state liquor statute, chapter 62, Laws of 1933, Ex. Ses., p. 173 (Rem. 1934 Sup., § 7306-1 [P. C., § 3180-11] *et seq.*), which is silent on the question of Sunday sales by hotels and restaurants, and which gives to the liquor control board certain rule-making powers, the force of preexisting statutes is in some way overcome, and that only the liquor control board may now legislate on this subject.

We find nothing in the 1933 act which gives the liquor control board power to repeal or amend existing laws or in any wise to override them, nor are we ad-

vised of any attempt on the part of the board to enact rules governing this subject.

The judgment appealed from is affirmed.

BEALS, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.