[No. 26680. *En Banc.* June 28, 1937.]

THE STATE OF WASHINGTON, *Appellant,* v. R. E. THORNBURY, *Respondent.*[1]

*Smith Troy, John S. Lynch, Jr.,* and *E. A. Philbrick,* for appellant.

*Julia Waldrip Ker* and *Harold P. Troy,* for respondent.

*The Attorney General, R. G. Sharpe, Assistant, Flood, Lenihan & Ivers,* and *Kerr, McCord & Carey, amici curiae.*

[1]Reported in 69 P. (2d) 815.

MILLARD, J.—Defendant was charged in the superior court for Thurston county with the crime of Sabbath breaking, in that on Sunday, April 11, 1937, at or about the hour of twelve-thirty o'clock a. m., he

". . . then and there did wilfully and unlawfully sell, offer for sale and expose for sale personal property, to-wit, intoxicating liquors, to-wit, beer and wine."

To that information the defendant interposed a demurrer, which was sustained. The state has appealed.

■ Counsel for respondent contended in the trial court, as they insist in this court, that § 242, chapter 249, Laws of 1909, p. 963, Rem. Rev. Stat., § 2494 [P. C. § 9122], was repealed by implication by chapter 62, Laws of 1933, Ex. Ses., p. 173, Rem. Rev. Stat. (Sup.), § 7306-1 [P. C. § 3180-11] *et seq.*, known as the "Washington State Liquor Act." The statute (Rem. Rev. Stat., § 2494) defines Sabbath breaking as follows:

"Every person who, on the first day of the week, shall promote any noisy or boisterous sport or amusement, disturbing the peace of the day; or who shall conduct or carry on, or perform or employ any labor about any trade or manufacture, except livery-stables, garages and works of necessity or charity conducted in an orderly manner so as not to interfere with the repose and religious liberty of the community; or who shall open any drinking saloon, or sell, offer or expose for sale, any personal property, shall be guilty of a misdemeanor: Provided, that meals, without intoxicating liquors, may be served on the premises or elsewhere by caterers, and prepared tobacco, milk, fruit, confectionery, newspapers, magazines, medical and surgical appliances may be sold in a quiet and orderly manner. In works of necessity or charity is included whatever is needful during the day for the good order or health or comfort of a community, but keeping open a barbershop, shaving or cutting hair shall not be deemed a work of necessity or charity, and nothing in this section shall be construed to permit the sale of uncooked meats, groceries, clothing, boots or shoes."

In 1913, the city of Seattle enacted an ordinance practically identical with the above quoted statute. An action was instituted in 1934 to enjoin the mayor and other officials of the city of Seattle from in any manner interfering with the dispensing of beer and wine in connection with the regular conduct of the hotel and restaurant business on Sundays. In that case, *Paris v. Smith,* 179 Wash. 149, 36 P. (2d) 314, a demurrer to the complaint was interposed and sustained. The judgment dismissing the action was affirmed on appeal. We there held, contrary to the contention of the appellant, that the act of 1909 was not impliedly repealed by the adoption of state-wide prohibition in 1915.

The appellant also argued that, by the adoption of our present state liquor statute, chapter 62, Laws of 1933, Ex. Ses., p. 173 (Rem. Rev. Stat. (Sup.), § 7306-1 [P. C. § 3180-11] *et seq.*), which vests the liquor control board with certain rule-making powers, the force of pre-existing statutes is in some way overcome, and that only the liquor control board may now legislate on the subject. We held that there is nothing in the state liquor statute, which is silent on the question of Sunday sales by hotels and restaurants, that gives the state liquor control board power to repeal or amend existing laws prohibiting the sale of intoxicating liquors on Sunday.

We cannot agree with the respondent that our state liquor act, Rem. Rev. Stat. (Sup.), § 7306-1 *et seq.*, impliedly repealed the Sunday closing law. Rem. Rev. Stat., § 2494. Repeals by implication are not favored. The general rule that a statute prevails over and impliedly repeals a prior inconsistent act, applies where both statutes relate to the same subject. One statute is not impliedly repealed by another on the ground of inconsistency or repugnancy unless the two statutes

have the same object or purpose. 59 C. J. 913, § 515.

There can be no implied repeal of one act by another unless both acts deal with, or relate to, the same subject-matter. Rem. Rev. Stat., § 2494, is a Sunday closing law; it is not a liquor law. It prohibits the sale on Sunday of intoxicating liquor and all other personal property, except "that meals, without intoxicating liquors, may be served on the premises or elsewhere by caterers," and other specified articles. The sale on Sunday of intoxicating liquors is specifically prohibited, as is the sale of uncooked meats, clothing, and other personal property. The Sabbath breaking statute, Rem. Rev. Stat., § 2494, deals with many varied acts (including the sale of intoxicating liquors on Sunday) constituting violations of that statute.

The state liquor act has to do with the subject-matter of intoxicating liquor. It does not include the entire subject-matter of the Sabbath breaking statute, therefore it cannot repeal it by implication. It will be presumed that the legislature, in enacting the state liquor law, acted with full knowledge of the Sunday closing law.

Our state liquor law is silent on the question of Sunday sales by hotels and restaurants. Surely, if the legislature had intended to repeal the Sunday closing law, it would have done so when it enacted the state liquor statute, which deals only with the subject-matter of intoxicating liquors. It does not, as stated above, cover the whole subject-matter of the statute having to do with Sabbath breaking and, clearly, was not intended to take its place.

The legislature is presumed to have passed the state liquor act with full knowledge of existing statutes. Had it intended to repeal such an important part of the criminal code as the Sabbath breaking law, it is reasonable to suppose that the legislature's intention

to do so would have been expressly stated and not left to inference and conjecture.

The judgment is reversed, and the cause remanded with direction to the trial court to overrule the demurrer.

STEINERT, C. J., BLAKE, HOLCOMB, BEALS, GERAGHTY, ROBINSON, and MAIN, JJ., concur.