[No. 26713. Department One. October 8, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Harry H. Johnston, as Prosecuting Attorney for Pierce County, Appellant,* v. L. E. GREGORY *et al., as Members of the State Liquor Control Board, Respondents.*[1]

[1]Reported in 72 P. (2d) 308.

*Harry H. Johnston* and *John E. Belcher,* for appellant.

*The Attorney General* and *George Downer, Assistant,* for respondents.

HOLCOMB, J.—Appellant, prosecuting attorney for Pierce county, instituted this action in the lower court against respondents to secure an injunction to restrain respondents from selling, offering for sale, or possessing any whiskey (except Scotch and Irish whiskey) which had not been aged for four years in wooden barrels or casks, at the liquor stores operated by the board in Pierce county, and that all such whiskey now in stock or in transit within Pierce county be ordered destroyed by the sheriff of Pierce county at the cost of respondents. Appellant contends that there is still in force in this state a statute providing that every person, who, as principal, agent, or otherwise, shall sell or offer for sale any whiskey, except Scotch and Irish whiskey, which has not been aged for a period of four years in wooden barrels or casks, shall be guilty of a gross misdemeanor (Rem. Rev. Stat., § 2695 [P. C. § 8804], Laws of 1909, p. 1030, § 443), but that respondents have been selling and will, unless restrained, continue to sell whiskey which does not comply with the requirements of the cited statute; that the sale of such whiskey is harmful to the public health and morals, and hence the state liquor stores constitute a public nuisance; and that the sales of this illegal whiskey are so numerous that the legal remedies for the enforcement of the criminal laws are inadequate.

Respondents demurred to the complaint on the ground, *inter alia,* that the complaint did not state facts sufficient to constitute a cause of action, and thereafter

filed an answer and return in response to an order to show cause. Appellant demurred to the answer on the ground that it did not state facts sufficient to constitute a defense. The trial court sustained the demurrer of respondents to the complaint on the ground that Rem. Rev. Stat., § 2695, Laws of 1909, p. 1030, § 443, had been repealed by the Washington state liquor act (Rem. Rev. Stat. (Sup.), § 7306-1 [P. C. § 3180-11] *et seq.*), Laws of 1933, Ex. Ses., chapter 62, p. 173.

Appellant appeals from the judgment dismissing the complaint, and assigns as error the sustaining of the demurrer.

The statute which appellant contends is still in full force provides:

"Every person who, as principal, agent or otherwise, shall sell or offer for sale any spirituous or distilled intoxicating liquor known as whisky (except Scotch or Irish whisky), any part of which has not been aged for a period of four years in wooden barrels, or casks, or who shall, as principal, agent or otherwise, sell or offer for sale any malt liquor that has not been aged for a period of more than sixty (60) days, or which contains more than eight (8) % alcohol by weight shall be guilty of a gross misdemeanor." Rem. Rev. Stat., § 2695.

We are mindful of the fact that repeals by implication are not favored. *Paris v. Smith*, 179 Wash. 149, 36 P. (2d) 314; *State v. Thornbury*, 190 Wash. 549, 69 P. (2d) 815. It is equally well settled, however, that repeals by implication are effected in situations in which it appears that the legislature intended to cover an entire subject of legislation. The rule has been stated as follows:

"Where a statute covers the whole subject matter of an earlier act, and it is evident that it was intended to be a revision of, or substitute for, the earlier act, although it contains no express words to that effect, it operates as a repeal of the earlier act to the extent

that its provisions are revised and supplied." 25 R. C. L. 914, § 167.

To the same effect, see *Stetson-Post Mill Co. v. Brown,* 21 Wash. 619, 59 Pac. 507, 75 Am. St. 862; *Bradley Engineering & Machinery Co. v. Muzzy,* 54 Wash. 227, 103 Pac. 37; *State v. Hewitt Land Co.,* 74 Wash. 573, 134 Pac. 474; *State v. George,* 84 Wash. 113, 146 Pac. 378; *State ex rel. McCoske v. Kinnear,* 145 Wash. 686, 261 Pac. 795; *Paine v. State,* 156 Wash. 31, 286 Pac. 89; *State ex rel. Spokane & Eastern Branch etc. v. Justice Court, Spokane Precinct,* 189 Wash. 87, 63 P. (2d) 937; I Lewis' Sutherland Statutory Construction (2d ed.), 465, 472, §§ 247, 248; Sedgwick on the Interpretation of Statutory and Constitutional Law (2d ed.), 100; Endlich on the Interpretation of Statutes (1888), 274, § 204; and 59 C. J. 904, § 508.

It is therefore material to ascertain whether the legislature intended, by the Washington state liquor act, to legislate completely and to cover entirely the subject of the nature and quality of liquor to be offered for sale at the state liquor stores.

Liquor is defined by the act as follows:

" 'Liquor' includes the four (4) varieties of liquor herein defined (alcohol, spirits, wine and beer), and all fermented, spiritous, vinous, or malt liquor or combinations thereof . . ." Rem. Rev. Stat. (Sup.), § 7306-3 [P. C. § 3180-13]; Laws of 1933, Ex. Ses., chapter 62, p. 175.

Section 79(2) of the liquor act (Laws of 1933, Ex. Ses., chapter 62, p. 212, Rem. Rev. Stat. (Sup.), § 7306-79 [P. C. § 3180-89]), prescribes:

"Without thereby limiting the generality of the provisions contained in subsection (1), it is declared that the power of the board to make regulations in the manner set out in that subsection shall extend to . . .

"c. governing the purchase of liquor by the state and the furnishing of liquor to stores established under this act;

"d. determining the classes, varieties, and brands of liquor to be kept for sale at any store; . . ."

The act also expressly provides for a liberal construction of its provisions. Rem. Rev. Stat. (Sup.), § 7306-2 [P. C. § 3180-12], Laws of 1933, Ex. Ses., chapter 62, § 2, p. 173.

From the foregoing provisions, it is readily apparent that it was the intention of the legislature to clothe the liquor control board with a wide latitude of discretion in the selection and purchase of liquor. We are convinced that the legislature did legislate with respect to the entire subject of the quality of liquor to be offered for sale to the public by the Washington state liquor act, *supra*. Hence, under the rule announced, Rem. Rev. Stat., § 2695, has been repealed by implication. It may well be, as respondents urge, that this change of policy by the legislature may have been prompted by reason of the fact that, at the time of the enactment of Rem. Rev. Stat., § 2695, liquor was sold to the public through the medium of private individuals, whereas, under the Washington state liquor act, it is sold by the state liquor stores, and not by private individuals.

"An intention will not be ascribed to the law-making power to establish conflicting and hostile systems upon the same subject, or to leave in force provisions of law by which the later will of the legislature may be thwarted and overthrown." 1 Lewis' Sutherland Statutory Construction (2d ed.), 473, § 249.

Appellant cites *Paris v. Smith*, 179 Wash. 149, 36 P. (2d) 314, and *State v. Thornbury*, 190 Wash. 549, 69 P. (2d) 815, as authority for the proposition that, since the Sunday closing law was not repealed by implication, the statute under consideration here

should receive the same treatment. The fallacy in this contention lies in the fact that by the state liquor act the legislature did not intend to legislate therein with respect to Sunday closing, whereas, with respect to the subject of the quality of liquor to be offered for public sale, it legislated completely under the state liquor act, *supra*.

We find nothing in the record to indicate that the board has purchased and offered for sale to the public liquor of a quality which does not meet the standards of the state liquor act, or to indicate the board has been derelict in the discharge of its duties in regard to the liquor offered for sale at the state liquor stores.

A number of issues are raised in the briefs, but in view of the fact that Rem. Rev. Stat., § 2695, is no longer in force, it becomes unnecessary to pass upon them.

The judgment of the trial court is therefore affirmed.

STEINERT, C. J., BLAKE, MAIN, and SIMPSON, JJ., concur.