51 Wn.2d 99 (1957)
316 P.2d 119
In the Matter of the Application for a Writ of Habeas Corpus of FRANCIS PAUL WALDER, Petitioner,
v.
RAYMOND BELNAP, as Superintendent of the State Reformatory, Respondent.[1]
No. 34225.
The Supreme Court of Washington, Department One.
October 10, 1957.
Archie Baker, for petitioner.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
FINLEY, J.
This is a proceeding for a writ of habeas corpus, initiated in this court. The petitioner contends: (a) That there are two statutes defining the crime for which he was convicted and is now imprisoned in the state reformatory; (b) that one statute makes the crime a misdemeanor, and the other makes it a felony; and (c) that the legislature has thus improperly vested discretion in the prosecuting authorities to determine the extent of punishment for identical acts. He urges that the net result is a denial of equal protection of the law, as guaranteed by the Federal and state constitutions.
Petitioner was tried, convicted, and sentenced under the felony statute referred to above, RCW 9.54.020, which provides:
"Taking motor vehicle without permission. Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony...."
The misdemeanor statute involved in the above indicated *101 contentions of the petitioner, RCW 9.61.040 (8), provides as follows:
"Injury to property. Every person who shall wilfully 
"...
"(8) Untie, unfasten or liberate, without authority, the horse or team of another; or lead, ride or drive away, without authority, the horse, team, automobile or other vehicle of another from the place where left by the owner or person in charge thereof; ...
"Shall be guilty of a misdemeanor...."
If, as petitioner contends, both statutes are fully operative and, contemporaneously, are the law of this state, permitting the prosecuting authorities the option to prosecute for (1) a misdemeanor or (2) a felony, there might have been a deprivation of petitioner's constitutional right to equal protection of the law. In re Olsen v. Delmore, 48 Wn. (2d) 545, 295 P. (2d) 324. Such is not the case, however. The injury to property (misdemeanor) statute, RCW 9.61.040, was first enacted in 1862, and last amended in 1909. The taking motor vehicle without permission (felony) statute, RCW 9.54.020, was first passed in 1915  subsequent to the last amendment of the misdemeanor statute.
[1, 2] "The subsequent enactment of a statute which treats a phase of the same general subject matter in a more minute way consequently repeals pro tanto the provisions of the general statute with which it conflicts." I Sutherland, Statutory Construction (3d ed.) 488, § 2022; State v. Epps, 213 N.C. 709, 197 S.E. 580; State v. Ginther, 53 Wyo. 17, 77 P. (2d) 803; cf. State v. Becker, 39 Wn. (2d) 94, 234 P. (2d) 897; State v. Giaudrone, 109 Wash. 397, 186 Pac. 870; Gunther v. Huneke, 58 Wash. 494, 108 Pac. 1078; Hartig v. Seattle, 53 Wash. 432, 102 Pac. 408.
Thus, RCW 9.54.020 repealed, by implication, RCW 9.61.040(8), in so far as the latter pertains to the taking of an automobile. Apparently, the legislature determined that taking an automobile without authority, under modern conditions of society, has become a serious and significant offense, and should be penalized accordingly as a felony. It *102 follows that the prosecuting authorities do not have discretionary option, when an automobile is taken without permission of the owner, to charge an offender with a misdemeanor or a felony; it must be the latter.
Petitioner contends that the applicable rule of statutory construction is as stated in State ex rel. Reed v. Spanaway Water Dist., 38 Wn. (2d) 393, 229 P. (2d) 532; and State v. Thornbury, 190 Wash. 549, 69 P. (2d) 815. The rules of statutory construction set out in those cases are applicable when the question is whether the whole of one statute is repealed by implication by another statute. The cited decisions are not compelling in relation to the question presented in the instant case.
[3] Petitioner was given a maximum sentence of not more than twenty years imprisonment under RCW 9.95.010. In In re Klapproth v. Squier, 50 Wn. (2d) 675, 314 P. (2d) 430, we stated that the applicable punishment statute for RCW 9.54.020 is RCW 9.92.010, which provides a maximum penalty of not more than ten years imprisonment. In view of the error in sentencing, the present case should be remanded to the trial court for appropriate proceedings to correct the error made in the petitioner's sentence. It is so ordered.
HILL, C.J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.
NOTES
[1] Reported in 316 P. (2d) 119.